## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

LONZELL HUNTER,                          )
                                         )
     Plaintiff,                       )
                                         )
v.                                       )          No. 2:25-cv-02137-MSN-atc
                                         )
UNITED STATES GOVERNMENT,                )
                                         )
     Defendant.                       )

## REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On February 10, 2025, Plaintiff Lonzell Hunter filed a *pro se* complaint and a motion to proceed *in forma pauperis*, which was subsequently granted. (ECF Nos. 1, 2, 7.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons set forth below, it is recommended that Hunter's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction.

## PROPOSED FINDINGS OF FACT

In his initial Complaint, Hunter broadly alleged that the United States Government has violated his constitutional rights and breached a contract with him, but he did not provide any specifics as to when this alleged misconduct occurred. (*See generally* ECF No. 1.) Though he alleged that he has been "enslaved by the United States Government"; "he is not being seen as a free name under the blessings of liberty"; and "he has been raped, beaten, diminished, depleted, falsely accused and brutally victimized because or and through this secretive realm of life

existing within the United States of America," Hunter's initial Complaint contained only generalized grievances and no allegations of specific, concrete injuries.  (*Id.*)  Because his initial Complaint failed to demonstrate either this Court's subject matter jurisdiction over his case, a federal statute through which the Government had waived its sovereign immunity, or his standing to bring his claims, on February 14, 2025, the Court ordered Hunter to file an amended complaint that remedied these deficiencies.  (ECF No. 8.)  Hunter filed his Amended Complaint on March 13, 2025.  (ECF No. 9.)

In his Amended Complaint, Hunter again broadly alleges that the Government has enslaved him since his birth through various conspiratorial offenses.  (*See generally* ECF No. 9.) However, he now specifically contends that the Government has:  (1) attempted to enslave and murder him on multiple occasions using "intelligence and advanced technology"; (2) "stole[n] sperm from him" and "force[d] him into involuntary servitude by way of impregnating certain females who have already received his inheritance"; (3) sold him "as a slave to the state of Texas in or around the year 2014"; (4) deployed "spirits, who have been following and chasing him around the country using clones who are being considered as human beings"; (5) stolen his "retinas, [so] they could see everything he could"; (6) "attempted to commit murder and genocide by killing a first born male descendant to the dominion of Africa, [Hunter]"; and (7) "attempt[ed] to take his soul / creation out of his body, which is the same as murder," among other allegations of conspiracy by the Government against him.  (*Id.* at 3–7.)  Notably, his Amended Complaint does not address the jurisdictional deficiencies identified in the February 14th Order, except to argue that the Government is not sovereign and immune from civil prosecution because "in a democracy no one is above the law" and that "[w]hen wrongdoings occur justice must be served."  (*Id.* at 2.)

## PROPOSED CONCLUSIONS OF LAW

**I.    28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

**II.    Subject Matter Jurisdiction Generally**

As part of the § 1915(e) screening process, the Court must determine whether Hunter has pled a basis for federal subject matter jurisdiction.  *See, e.g.*, *Maney v. Kreulen*, No. 3:24-cv-01132, 2024 WL 4871731, at *2 (M.D. Tenn. Nov. 24, 2024) (dismissing the case during the § 1915(e) screening process for lack of subject matter jurisdiction); *McRee v. Renasant Bank Legal Dep't*, No. 16-cv-2879-JDT-dkv, 2017 WL 31470, at *1 (W.D. Tenn. Jan. 3, 2017) (same). "A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018).  "Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).  "Even so, pro so litigants must adhere to the Federal Rules of

Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

## III.    Lack of Subject Matter Jurisdiction Based on Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)); *see also Hudson v. United States*, No. 2:22-cv-02804-SHM-tmp, 2023 WL 319960, at *5 (W.D. Tenn. Jan. 19, 2023) (quoting *Munaco v. United States*, 522 F.3d 651, 652–53 (6th Cir. 2008)) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied.").

As was the case in his initial Complaint, Hunter's Amended Complaint fails to identify any statutory waiver of the Government's sovereign immunity or any basis whatsoever for this Court to exercise subject matter jurisdiction over his allegations and claims. Therefore, this case should be dismissed for lack of subject matter jurisdiction.

## IV.    Lack of Subject Matter Jurisdiction Based on Standing

"The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Birchfield v. Tennessee*, No. 3:23-cv-252, 2023 WL 5978203, at *2 (E.D. Tenn.

Aug. 28, 2023), *report and recommendation adopted*, 2023 WL 5963781 (E.D. Tenn. Sep. 13, 2023) (quoting *Reynolds v. Talberg*, No. 1:18-cv-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020)). "This means that the court can only hear cases that are justiciable, and '[a] critical component of justiciability is standing.'" *Id.* (quoting *Reynolds*, 2020 WL 6375396, at *2); *see also Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2)).

"It is Plaintiff's burden to establish standing." *Birchfield*, 2023 WL 5978203, at *2 (citing *Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019)); *see also Bradley*, 402 F. Supp. 3d at 403 (dismissing the case during the § 1915(e)(2) screening process because the plaintiff had failed to allege standing). "In order to have standing, a plaintiff's injury must be (1) 'concrete and particularized,' and (2) 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 (1992)) (cleaned up). "In other words, a 'generalized grievance' is not sufficient." *Id.* (quoting *Reynolds*, 2020 WL 6375396, at *2); *see also Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) (dismissing the case during the § 1915(e)(2) screening process for, among other things, lack of standing because "Plaintiff utterly fails to allege that he has suffered or will suffer an actual injury if the Court declines to address his claim").

"[A] generalized grievance based on the heavy hand of the government is not a cognizable injury." *Norton v. Beasley*, No. 21-6053, 2022 WL 17348385, at *8 (6th Cir. Dec. 1, 2022) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013), for the proposition that "[a] 'generalized grievance,' no matter how sincere, is insufficient to confer standing";

*Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 415 (6th Cir. 2021), for the proposition that "mental displeasure with government action 'falls well short of a concrete harm needed to establish Article III standing'"; and *Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, 13 F.4th 531, 537 (6th Cir. 2021), for the proposition that "'disagreement' with government action 'is not an injury, no matter how "sharp and acrimonious" it may be'").

Here, Hunter's Amended Complaint contains no plausible allegations of wrongdoing by the Government and consists entirely of fantastical contentions and metaphysical arguments that have no basis in reality. Though he may sincerely believe in his allegations, he has not alleged that he has suffered an actual or imminent injury caused by the Government. *See Birchfield*, 2023 WL 5978203, at *2 (quoting *Lujan*, 504 U.S. at 560–61). Thus, Hunter has failed to allege any concrete, particularized, and actual/imminent injury that might demonstrate his standing in this case, and, as a result, this case should be dismissed for lack of subject matter jurisdiction.

## III. Lack of Subject Matter Jurisdiction Based on Frivolousness.

Hunter's claims also have no basis in either fact or law, as Hunter is not a sovereign entity who can override the laws of the United States or declare that it is not a sovereign entity. "A complaint can be frivolous either factually or legally." *Eshleman v. Chester County*, No. 1:15-cv-1106-JDT-egb, 2015 WL 13744665, at *2 (W.D. Tenn. Nov. 17, 2015), *report and recommendation adopted*, 2016 WL 843390 (W.D. Tenn. Mar. 1, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328–29). "Statutes allowing a complaint to be dismissed as

frivolous give 'judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id.* at 471 (quoting *Neitzke*, 490 U.S. at 327). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true." *Id.* at 471 (citing *Iqbal*, 556 U.S. at 678–79; quoting *Neitzke*, 490 U.S. at 327–28).

"A district court may sua sponte dismiss a complaint for lack of subject-matter jurisdiction when the allegations 'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion,' such that they do not 'involve a federal controversy.'" *Danziger v. U.S. Sec. & Exch. Comm'n*, No. 22-3069, 2022 WL 18495414, at *2 (6th Cir. Aug. 22, 2022) (quoting *Apple*, 183 F.3d at 479; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "In other words, absent a valid cause of action, federal courts lack subject matter jurisdiction, and a Rule 12(b)(1) dismissal is appropriate." *Id.*; *see also Woodson*, 2022 WL 16963997, at *1–2 (dismissing a frivolous sovereign-citizen complaint for lack of subject matter jurisdiction because the complaint "fails to state a claim for relief that would satisfy the lenient standards of Rule 12(b)(1)").

With respect to Hunter's arguments, which resemble those often raised by self-described "sovereign citizens," his contentions that the Government is oppressing him based on his status as a member of "the royal lineage of a powerful bloodline of Africa" and "the soul or creation of the reincarnated first man; the inheritor of the vast estate otherwise known as the dominion of Africa" (ECF No. 9, at 6) are frivolous and "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see also Roach v. Arrisi*,

No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("Such theories have not only been rejected by the courts, but also recognized as 'frivolous and a waste of the court resources. . . . [S]overeign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars.'" (quoting *Muhammad v. Smith*, No. 3:13-cv-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)). "[S]overeign citizen contentions represent a categorically different level of frivolity, in that they are filed for the purpose of attacking and threatening the integrity of the court system and the rule of law" and should be disregarded out of hand. *Muhammad v. Shoffner*, No. 22-cv-2053-SHL-tmp, 2022 WL 3656859, at *2 (W.D. Tenn. July 28, 2022), *report and recommendation adopted*, 2022 WL 3652960 (W.D. Tenn. Aug. 24, 2022) (disregarding the *pro se* plaintiff's arguments alleging that the Court and opposing counsel were in violation of the Foreign Agents Registration Act and awarding attorneys' fees against the plaintiff because his sovereign-citizen claims were "frivolous, unreasonable, and without foundation") (citations omitted).

Because Hunter's claims are premised, in significant part, on his allegations that he is a co-equal sovereign with the United States Government, Hunter's claims are factually and legally frivolous and should be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Dunn v. Post*, No. 21-1412, 2022 WL 1297586, at *2 (6th Cir. Jan. 27, 2022) (quoting *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008)) (affirming dismissal as frivolous of § 1983 claims founded on the plaintiff's allegations that he was not subject to government laws as a sovereign citizen); *Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019), *report and recommendation adopted*, 2019 WL 2250519 (W.D. Mich. May 24, 2019)

(dismissing the complaint as frivolous under Rule 12(b)(1) where the plaintiff's allegations were founded on his purported exemption from government laws as a sovereign citizen).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Hunter's claims be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction.

Respectfully submitted this 12th day of August, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.